IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUBRICOTE, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>LUMENIS BE LTD.,<br><br>    *Defendant*. | Case No. 2:25-cv-00650<br><br>**Complaint for Patent Infringement**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., in which Plaintiff Lubricote, LLC ("Lubricote") alleges as follows against Defendant Lumenis Be Ltd. ("Lumenis"):

**INTRODUCTION**

1. This complaint arises from Lumenis's unlawful infringement of U.S. Patent No. 10,335,232 ("'232 patent" or "Asserted Patent"). Lubricote is the owner of the '232 patent, titled "Apparatus for using intense pulsed light to non-invasively treat blepharitis, dry eye, conjunctival blood vessels, pigmented lesions, and other problems of the eye and eyelid," which issued July 2, 2019.

2. Dr. Brian Boxer Wachler—the inventor of the Asserted Patent—is an ophthalmologist, inventor, and entrepreneur. Dr. Boxer Wachler holds an M.D. from Dartmouth Medical School, is a board-certified ophthalmologist, and has operated the Boxer Wachler Vision Institute for over 20 years, which is committed to improving the quality, care, and vision of those suffering from vision problems.

3. Dr. Boxer Wachler has a long and a distinguished career with significant expertise and contributions in the field of ophthalmology. His expertise, institute, and contributions have profoundly and positively impacted the field, earning him numerous accolades from patients, colleagues, and the United States Armed Forces and Department of Defense. *See* https://www.boxerwachler.com/dr-brian#ppsShowPopUp_108.

4. Dr. Boxer Wachler's groundbreaking work includes research and development into solutions for individuals suffering from ocular problems, including dry eye, leading to the inventions described and claimed in the '232 patent, as well as its parent, U.S. Patent No. 7,886,748.

5. As explained in the '232 patent specification, "[s]uperficial blood vessels of the conjunctiva that overlie the sclera are a cosmetic source of dissatisfaction among millions of people." '232 patent at 1:18-20. Additionally, while lasers have been previously used for targeted treatment of hemoglobin in blood vessels, "lasers can easily penetrate through the sclera and are dangerous to inner ocular structures such as the choroids and retina." *Id.* at 1:29-32.

6. In his search for a solution to these problems, Dr. Boxer Wachler began testing the application of intense pulse light ("IPL"), which had previously been used in dermatology to treat vascular and pigmented lesions of the skin. As explained in the '232 patent specification:

> IPL systems utilize a source that emits pulsed polychromatic light in a broad wavelength spectrum of 515-1200 nm. Utilizing selected wavelengths can heat and eliminate target structures such as varicose veins or pigmented skin. Hemoglobin largely absorbs at a wavelength of approximately 580 nm, and brown structures such as melanin absorb in the range of about 400 to 750 nm. Filters are used to allow the optimal wavelength to penetrate the tissue, thereby essentially heating only the target structure to the desired degree that causes the structure to disappear.

*Id.* at 1:67-2:10.

7.  However, while using IPL to treat certain ocular conditions seemed promising, prior IPL systems were heavy, bulky, and unsuited for application around the eyes, where inadvertent energy application could cause serious damage to the eye.  As the '232 specification explains:

> Because of the cumbersome structure of IPL devices, the manufacturers conspicuously warn against use of the device in the area of the eye. Documented reports of injury to the eye from IPL make physicians and manufacturers hesitant to use IPL on the eye itself. For example, focal damage to the iris with distortion of the pupil occurred in treating a two-year old child's birthmark. Sutter, F. K., et al, *Dermatology Surgery* (January 2003), Ocular Complication Of PhotoDerm VL Therapy For Facial Port-Wine Stain, 29(1): 111-12. The paper concluded that such therapy could damage ocular tissues and that appropriate eye protection during the dermatological procedure was essential, even though the procedure did not involve the eye itself.

*Id*. at 3:11-23.  Likewise, the October 2002 Operator's Manual for the IPL™ Quantum SR by Lumenis expressly warned that "Intense pulsed light emission presents an eye hazard . . . ." *Id*. at 3:23-27.

8.  To solve the above problems, Dr. Boxer Wachler began running tests using IPL on sample eye tissue, measuring temperature profiles over various pulse frequencies for specific wavelengths.  After initially obtaining inconsistent results, Dr. Boxer Wachler determined that IPL temperature measurements should be taken while maintaining a constant distance between the crystal tip of the IPL device and the sclera.  *Id*. at 3:47-51.  Dr. Boxer Wachler then repeated the tests with a fixed distance of 3mm between the crystal tip and the other surface of the sclera, once again varying the pulse durations from the IPL source over specific wavelengths.  *Id*. at 4:5-26.  The results of Dr. Boxer Wachler's experiments confirmed that "with the proper equipment and technique, the convective and conductive heat generated by IPL in the vicinity of the eye can be dealt with safely…." *Id*. at 4:46-49.

9. Dr. Boxer Wachler subsequently patented the inventions that derived from his research, resulting in the '728 patent, titled "method for using intense pulsed light to non-invasively treat conjunctive blood vessels, pigmented lesions, and other problems" and the '223 patent, titled "Apparatus for using intense pulsed light to non-invasively treat blepharitis, dry eye, conjunctival blood vessels, pigmented lesions, and other problems of the eye and eyelid." Claim 1 of the '223 patent claims "An IPL system for precisely and non-invasively treating small blood vessels, small lesions, small dermatological stains, ingrown hairs, blepharitis, dry eye, and other ocular and periocular problems of a patient . . . ."

10. Following his ground-breaking research confirming that IPL could be safely used around the eyes, on or around October of 2010, Dr. Boxer Wachler approached Lumenis—one of the largest IPL technology companies—about partnering to manufacture the technology claimed in the '748 and '223 patents. *See* Exhibit 1 (October 1 Email to Martina Rueter). In that email, Dr. Boxer Wachler explained that his "IPL invention will allow Lumenis to create a new market for sales of IPL units to a significant group of doctors who currently do not buy IPL units." *Id*. As Dr. Boxer Wachler further explained, "an IPL device for chronic bloodshot eyes and blepharitis produced by Lumenis would be expected to create an entirely new market that presently does not exist…." *Id*. In this same email, Dr. Boxer Wachler discussed his prior experiments confirming that IPL could be safely used around the eye under certain circumstances, and that he had filed patent applications regarding his innovative discovery. *Id*. That same day, Robert Mann, Senior Vice President & General Manager Global Aesthetics and Dermatology at Lumenis, responded that he was forwarding Dr. Boxer Wachler's information to Lumenis's Ophthalmic team. *See* Exhibit 2 (October 1 Email to from Robert Mann).

11. Subsequently, Dr. Boxer Wachler met with Dr. Kfir Azoulay, Director of Global Marketing for Lumenis, at the American Academy of Ophthalmology (AAO) meeting. Following that meeting, on or around October 20, 2010, Dr. Boxer Wacher emailed Dr. Kfir Azoulay to follow up on a potential collaboration. *See* Exhibit 3 (October 20, 2010 Email Correspondence). As shown in the email correspondence, Dr. Boxer Wachler predicted that his invention would allow Lumenis to expand into a market that did not previously exist. *Id.* Mr. Kfir Azoulay responded "with great interest[,]" stating that Dr. Boxer Wachler's timing "was quite impeccable, as [Lumenis was] nearing the finalization of the 3-year strategic plan & product roadmap for the Vision Business Unit (VSBU) of Lumenis." *Id*. Mr. Azoulay further referred Dr. Boxer Wachler to a Mr. Robert Mann, Executive VP & General Manager of Lumenis Aesthetic, for further discussion regarding incorporation of Dr. Boxer Wachler's inventions into Lumenis's business unit. *Id*.

12. For the next several months, Dr. Boxer Wachler remained in correspondence with Lumenis, and further sent them a copy of the '232 patent application directed towards the IPL treatment apparatus. *See* Exhibit 4 (March to April 2011 Email Correspondence). On information and belief, Lumenis has had knowledge of the '232 patent since at least April 13, 2011, when Dr. Boxer Wachler specifically identified to Lumenis that the '748 patent had issued and further provided a copy of the then-pending '232 patent application. *See id*.

13. Dr. Boxer Wachler further asked Lumenis for "your assurance that the information we discussed yesterday and will discuss in future will be kept confidential for competitive purposes" and to "[p]lease confirm this remains confidential." *Id*. In response, Mr. John Ferris, U.S. Marketing Manager for Lumenis, responded that "[w]ith regard to confidentiality you have

our assurances there will be no leaks," and further that "[a]s we expressed, we are very interested in your hand piece/patent." *See id*.

14. Subsequently, in June of 2011, Mr. Kfir Azoulay of Lumenis emailed Dr. Boxer Wachler to provide a status update on the business arrangement. *See* Exhibit 5 (June 28, 2011 Email). As discussed in the email, Mr. Kfir Azoulay explained "Lumenis is interested in further pursuing this path" and that Dr. Boxer Wachler's "approach (as defined by the patent) is sound; and very much compatible with our IPL devices and IP portfolio." *Id*. The email further noted that "[a]s soon as I receive a quotation from a reliable Lumenis IPL manufacturing partner and secure the development budget we will initiate the project (prior to that we will obviously sign an MOU and/or set the backdrop for a future agreement between you and Lumenis)." *Id*. Mr. Kfir Azoulay further explained that "[t]he objective is to design the hand-piece to interface with the most suitable (and cost-effective) Lumenis IPL device." *Id.*

15. Despite the assurances from Lumenis's representatives, no MOU was ever sent or entered, and no business agreement was ever sent or finalized between Dr. Boxer Wachler and Lumenis. Instead, Lumenis began manufacturing, marketing, and selling its own hand-held IPL device based on Dr. Boxer Wachler's designs, i.e., the "OptiLight system," designed to treat the ocular and periocular areas of a patient using IPL.

16. Notably, in the launch event for Lumenis' OptiLight system, the Lumenis spokesperson highlighted the importance of Dr. Boxer Wachler's invention, stating that the OptiLight's "smaller OPT handpiece is so brilliant" because it is "designed for the tricky contours of the periocular region—I mean, that's exactly what we've needed." *See Optilight by Lumenis- A Bright Solution for Dry Eyes (official launch event)* at 9:15-9:27, Lumenis Vision, YOUTUBE, available at https://www.youtube.com/watch?v=vyIUfEuZiKQ.

17. Moreover, on December 7, 2012, Mr. Kfir Azoulay, who, as discussed above, was a primary point of contact between Dr. Boxer Wachler and Lumenis, filed a patent application titled "Apparatus and method for applying light in ocular and periocular areas." *See* Exhibit 6 (Azoulay Patent). Mr. Kfir Azoulay's patent describes a similar hand-held IPL system to that of the '232 patent and further claims a removable tip for such a system. *See id.*

## PARTIES

18. Plaintiff Lubricote is a California limited liability company organized under the laws of California, with its headquarters at 465 N. Roxbury Drive #902, Beverly Hills, California 90210. As discussed above, Lubricote is the owner of U.S. Patent No 10,335,232, titled "Apparatus for using intense pulsed light to non-invasively treat blepharitis, dry eye, conjunctival blood vessels, pigmented lesions, and other problems of the eye and eyelid," which issued July 2, 2019.

19. On information and belief, Lumenis Be Ltd. is an Israeli corporation headquartered at Yokneam Industrial Park, Hakidma 9, P.O.B. # 426, Yokneam 2069236, Israel, at which Lumenis can be served with process.

## JURISDICTION AND VENUE

20. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

21. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22. This Court has personal jurisdiction over Lumenis in this action because Lumenis has committed acts of infringement within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Lumenis would not offend traditional notions of fair play and substantial justice. Lumenis, directly and/or through

subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in Texas and the Eastern District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in Texas, and commits acts of infringement of Lubricote's patent in this District by, among other things, supplying, distributing, developing, making, using, offering to sell, and selling the Accused Instrumentalities.

23. Venue is proper in this District under 28 U.S.C. § 1391. On information and belief, Lumenis is a foreign company that is not resident in the United States and has committed acts of infringement in this District.

24. For example, the Plano Eye Associates, located in the Eastern District of Texas, advertises use of the OptiLight system by Lumenis. *See* https://planoeye.com/optilight-by-lumenis/. As the website states, "OptiLight by Lumenis" is "A Breakthrough Treatment" "designed to manage dry eye disease." *Id*. Similarly, the Tyler Eye Associates, located in the Eastern District of Texas, advertises use of the OptiLIght system by Lumenis. *See* https://www.tylereyeassociates.com/blog-3/optilight-by-lumenis. As the advertisement states, "[w]ith treatments like OptiLight by Lumenis, we can help manage your dry eye symptoms and get you back to seeing clearly and comfortably. Keep reading to learn more about OptiLight by Lumenis and how it can improve your life."

## COUNT 1 – INFRINGEMENT OF THE '232 PATENT

25. Lubricote incorporates by reference each of the allegations in the foregoing paragraphs as if fully set forth herein and further alleges as follows:

26. On July 2, 2019, the United States Patent and Trademark Office issued U.S. Patent

No. 10,335,232, titled "Apparatus for using intense pulsed light to non-invasively treat blepharitis, dry eye, conjunctival blood vessels, pigmented lesions, and other problems of the eye and eyelid."

27. Lubricote is the owner of the '232 patent with all substantial rights in the '232 patent including, without limitation, the exclusive right to sublicense, sue for infringement, and collect all past, present, and future damages.

28. The claims of the '232 patent were duly issued by the United States Patent and Trademark Office and are presumed by statute to be valid.

29. The claims of the '232 patent are patent eligible under 35 U.S.C. § 101.

30. The claims of the '232 patent are not directed to abstract ideas and recite technical solutions to technical problems related to the application of IPL to ocular and periocular areas of a patient.

31. The written description of the '232 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

32. Lubricote and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '232 patent, and Lubricote is entitled to damages for Lumenis's past infringement.

33. Lumenis has directly infringed (literally and equivalently) and induced others to infringe the '232 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '232 patent and by inducing others to infringe the claims of the '232 patent without a license or permission from Lubricote, such as, for example, inducing

others to make, use, sell, offer for sale, or import products that infringe the claims of the '232 patent.

34. Exhibit 7 provides a description of the Accused Instrumentalities and a chart showing how they infringe claim 1 of the '232 patent, which Lubricote provides without the benefit of information about the Accused Instrumentalities obtained through discovery. Exhibit 8 is a true and correct copy of the '232 patent.

35. Lumenis knowingly and intentionally induces and contributes to infringement of the '232 patent in violation of 35 U.S.C. §§ 271(b)-(c). For example, Lumenis has had knowledge of or has been willfully blind to the '232 patent and the infringing nature of the Accused Instrumentalities for at least the reasons discussed above.

36. Despite this knowledge, Lumenis continues to make, use, sell, offer for sale, or import products that infringe the claims of the '232 patent.

37. Lumenis has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Instrumentalities to their customers, would constitute willful infringement of the '232 patent.

38. Lubricote has been damaged by Lumenis's infringement of the '232 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## JURY DEMAND

39. Lubricote demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## RELIEF REQUESTED

Lubricote prays for the following relief:

A. A judgment in favor of Lubricote that Lumenis has infringed the Asserted Patent, and that the Asserted Patent is valid and enforceable;

B.    A judgment and order requiring Lumenis to pay Lubricote past and future damages arising out of Lumenis's infringement of the Asserted Patent in an amount no less than a reasonable royalty, costs, expenses, and pre- and post-judgment interest, as provided under 35 U.S.C. § 284;

C.    A judgment and order requiring Lumenis to provide an accounting and to pay supplemental damages to Lubricote, including, without limitation, pre-judgment and post-judgment interest;

D.    A judgment that Lumenis's infringement is willful and enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

E.    A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Lubricote's reasonable attorney's fees and costs; and

F.    Any and all other relief to which Lubricote may be entitled.

Dated: June 20, 2025

Respectfully submitted,

*/s/ Marc A. Fenster*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Bradley Hyde
CA State Bar No. 301145
Email: bhyde@raklaw.com
Jefferson Cummings
DC Bar No. 90027452
Email: jcummings@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

**ATTORNEYS FOR PLAINTIFF,
Lubricote, LLC**