**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LUBRICOTE, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00650-JRG |
| | § | |
| LUMENIS BE LTD., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Transfer to the Central District of California Pursuant to 28 U.S.C. § 1404(a) ("Motion").  (Dkt. No. 31.)  Defendant requests the Court to transfer the above-captioned patent case for the convenience of the parties and witnesses. Defendant urges that the Central District of California ("CDCA") would be more convenient because Plaintiff is based there.  However, Defendant is an Israeli corporation.  Defendant itself does not appear to have any connection to CDCA.

Having considered the Motion, the associated briefing, and the documents submitted in support thereof, the Court finds that the Motion should be **DENIED**.  Defendant has failed to establish the threshold requirement that Plaintiff could have originally filed suit in CDCA. Defendant also has failed to show and that venue in CDCA would be clearly more convenient.

**I.      BACKGROUND**

Plaintiff Lubricote, LLC filed suit, accusing Defendant Lumenis Be Ltd. of infringing U.S. Patent No. 10,335,232.  (Dkt. No. 1.)  The patent discloses a non-invasive, pulsed lighting device that allegedly helps treat a number of eye conditions, including unsightly blood vessels and dry

eyes.  (*Id.* ¶¶ 4, 5, 9.)  Plaintiff alleges that Defendant's OptiLIGHT device, which uses pulsed lighting to treat dry eyes, infringes the patent.  (*See* Dkt. No. 1-7.)

Defendant's instant Motion requests the Court to transfer this case to CDCA.  (Dkt. No. 31.)  Plaintiff is located in CDCA.  (*Id.* at 1.)  Defendant, on the other hand, is an Israeli corporation.  (*Id.* at 2.)  Its United States subsidiary, which sells the accused product, is located in the Northern District of California.  (*Id.*)

## II.      LEGAL AUTHORITY

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The defendant must demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).  Absent such a showing, the plaintiff's original choice of forum is respected.  (*Id.*)

The Court considers the Fifth Circuit's non-exhaustive list of private and public interest factors to determine if a § 1404(a) transfer is warranted.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  The private interest factors include: (1) "the relative ease of access to sources of proof," (2) "the availability of compulsory process to secure the attendance of witnesses," (3) "the cost of attendance for willing witnesses," and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.*  The public interest factors include: (1) "the administrative difficulties flowing from court congestion," (2) "the local interest in having localized interests decided at home," (3) "the familiarity of the forum with the law that will govern the case," and (4) "the avoidance of unnecessary problems of conflict of laws of the application of foreign law."  *Id.*

2

Although a plaintiff's choice of venue is not an express factor in this analysis, "[t]he underlying premise of § 1404(a) is that courts should prevent plaintiffs from . . . subjecting defendants to venues that are inconvenient." *Volkswagen*, 545 F.3d at 315; *see also Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) ("[V]enue . . . protect[s] the *defendant* against . . . an unfair or inconvenient place of trial."). So a defendant cannot stress that a plaintiff may suffer some inconvenience in its chosen forum to obtain a transfer. 15 Wright & Miller § 3849; *Enovsys LLC v. T-Mobile USA, Inc.*, No. 2:21-CV-00368-JRG, 2022 WL 2161028, at *3 n.3 (E.D. Tex. June 14, 2022) (collecting cases).

## III.    ANALYSIS

### A.    Defendant failed to establish that this case could have been filed in the Central District of California.

The threshold inquiry is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen*, 371 F.3d at 203. That inquiry at least requires a defendant to establish that the sought forum would have personal jurisdiction over it. *See, e.g.*, *In re Zhejiang Crystal-Optech Co. Ltd.*, No. 2023-111, 2023 WL 2298764, at *1 (Fed. Cir. Mar. 1, 2023).

Defendant has not made this threshold showing. Defendant's Motion contends—in two sentences—that CDCA would have jurisdiction because Plaintiff's "argument for personal jurisdiction would be the same in every judicial district." (Dkt. No. 31 at 4 (internal citation omitted).) However, this conclusory analysis does not establish that CDCA would have jurisdiction, and Defendant cannot merely rely on Plaintiff's assertions to meet this burden. *See Opticurrent, L.L.C. v. Bitfenix Co.*, 2022 WL 599225, at *3 (E.D. Tex. Feb. 25, 2022). Although Defendant attempted to cure this deficiency in its Reply by introducing new arguments (Dkt. No. 48 at 1), Defendant is prohibited from doing so. *See In re Samsung Elecs. Co.*, No. 2025-129,

2025 WL 1892833, at *2 (Fed. Cir. July 9, 2025) ("Samsung dedicated a perfunctory sentence in its transfer motion to assert venue over SEA in NDCA was proper. The court plausibly focused on that *de minimis* presentation . . . and concluded it was insufficient." (internal citation omitted)).

Given Defendant's noted failure, the Court need not consider the private and public interest factors. Nonetheless, out of an abundance of caution the Court reviews them and in doing so finds that weighing these factors does not show that CDCA is clearly more convenient.

**B.     The convenience factors weigh against transfer.**

The Court first addresses the private interest factors followed by the public interest factors. As explained in the following sections, three factors weigh against transfer; two factors weigh in favor of transfer; and all other factors are neutral. So, altogether, the Court finds that the convenience factors weigh against granting a transfer.

i.      <u>Private interest factors weigh against transferring this case to the Central District of California.</u>

**The relative ease of access to sources of proof.** This factor heavily weighs against transfer. Defendant mainly stresses that the inventor of the asserted patent and Plaintiff are located in CDCA. (Dkt. No. 31 at 4, 5.) However, stressing that Plaintiff—who elected to file suit here— would enjoy greater convenience in CDCA does not support granting transfer. As this Court and others have found repeatedly, "[t]he defendant cannot assert plaintiff's inconvenience" where the plaintiff filed suit "in support of a motion to transfer." *See Am. Can Co. v. Crown Cork & Seal Co., Inc.*, 433 F. Supp. 333, 335 (E.D. Wis. 1977). Such logic is puzzling at best. *See Enovsys LLC v. T-Mobile USA, Inc.*, No. 2:21-CV-00368-JRG, 2022 WL 2161028, at *3 (E.D. Tex. June 14, 2022) ("T-Mobile's argument on this factor bears almost entirely on the CDCA allegedly being more convenient **to the Plaintiff**, not the Defendant. The Court is puzzled by T-Mobile's logic.").

Defendant's point that the inventor of the asserted patent and Plaintiff are in CDCA also fundamentally overlooks that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). These sources of evidence in this case are obviously located outside of CDCA.

Specifically, Plaintiff correctly identifies that the accused products were designed and engineered in Israel, and that core technical documents of this case are located there. (Dkt. No. 45 at 5, 6.) Potential key witnesses regarding clinical study work and product development for the accused products are spread across Texas, Tennessee, and Israel, not in CDCA. (*Id.* at 6–8.) Moreover, at least twenty-four (24) customers purchased the accused products in this District and at least nine (9) of Defendant's employees reside in this District and would have direct knowledge about the sales, training, or service of the accused products. (*Id.* at 8–9.)

The locations of documents in this case do not show that CDCA would clearly be a more convenient forum. Defendant argues that its marketing documents are in San Jose, California, which is in the Northern District of California. Obviously, the Northern District of California is not CDCA. As to Plaintiff's documents located in CDCA, Defendant, again, cannot assert Plaintiff's convenience in a forum where it did not file suit to allegedly increase Defendant's convenience. Regardless, such relevant sales, marketing, and other documents are stored electronically, which diminishes their importance. *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022).

**The availability of compulsory process to secure the attendance of witnesses.** This factor weighs in favor of granting transfer.

Defendant argues that four third-party witnesses, who are former employees of Plaintiff and cited in the Complaint or attachments thereto, are in California. (Dkt. No. 31 at 5–7.)

Defendant also stresses that CDCA, Defendant's favored forum, has "absolute subpoena power" over these witnesses under California Code of Civil Procedure § 1989.  (*Id.*)

Plaintiff responds that these four third-party witnesses do not reside in CDCA and that Federal Rule of Civil Procedure 45 governs federal subpoena power, not the California Code of Civil Procedure.  (Dkt. No. 45 at 9, 10.)  Plaintiff also contends that Defendant's OptiLIGHT customers residing in this District and Dr. Steven J. Dell, the lead investigator in Defendant's FDA clinical trial for the accused product, would be subject to this Court's compulsory process.  (*Id.*)

Despite each respective side identifying several third-party witnesses, no party has established that a compulsory process would be necessary for such former employees to testify. Nor has any party established that CDCA or this Court could compel related depositions for such third-party witnesses.  Fed. R. Civ. P. 45(c), (f).  In addition, the Court is not convinced that Plaintiff's potential customers would carry the day at trial.  These realities work to neutralize this factor.  *See In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023) ("[W]e cannot say that the district court committed a clear abuse of discretion in holding that this factor is neutral when petitioners have failed to identify any unwilling non-party witness.").

However, the Court gives some weight to Plaintiff's representations in discovery responses that it expects a number of third-party former employees to testify (Dkt. No. 48-4 at 7–10), and CDCA may have subpoena power over more of such witnesses than this Court.  So, on balance, the Court finds that this factor weighs in favor of granting transfer.

**The cost of attendance for willing witnesses.**  The Court finds that this factor slightly weighs in favor of transfer.  Defendant notes that employees of Defendant's subsidiary in California are closer to the transferee forum than to this District; there are direct flights from the airport in Israel (TLV), where all of Defendant's witnesses are located, to LAX, while there are no

6

direct flights from TLV to DFW or any other airport in Texas; and Dr. Boxer Wachler, Lubricote's principal and the sole inventor of the asserted patent, is located in CDCA, making that venue far more convenient for him.  (Dkt. No. 31 at 7, 8.)

Plaintiff responds that speculative convenience arguments regarding flights to California and Texas do not weigh in favor of transfer.  (Dkt. No. 45 at 11, 12.)  Plaintiff also notes that the third-party individuals it identified for factor 2, Defendant's OptiLIGHT customers residing in this District, Dr. Steven J. Dell, and others, could travel to this District more easily than CDCA.  (*Id.* at 12, 13.)

Although Plaintiff correctly identifies that its choice to file in this District should control, the Court notes that Defendant's identified witnesses would likely incur less cost to attend proceedings for this case in CDCA.  However, this finding rests on obvious speculation regarding who might testify when and where and at what cost.  So, all things considered, the Court finds that this factor weighs only slightly in favor of granting transfer.

**All other practical problems regarding trial.**  This factor weighs against transfer. Defendant argues that this factor favors transfer, or is at least neutral, because there are no other practical considerations that would prevent an easy, expeditious, and inexpensive trial.  (Dkt. No. 31 at 8.)  However, the Court agrees with Plaintiff that Defendant filed this Motion approximately seven months after suit, which mitigates against transfer.  *Maxell, Ltd. v. Coretronic Corp.*, No. 5:24-CV-00088, 2025 WL 1674398, at *9 (E.D. Tex. Mar. 26, 2025) (finding a motion to transfer filed six months after the complaint was "more than *de minimis* delay" and disfavored transfer). Defendant responds that it filed its Motion just about a month after it answered the Complaint, but Plaintiff did not oppose Defendant's request to delay the answer deadline by about four months.

(*See* Dkt. Nos. 7, 8.)  Plaintiff's courtesy as to the answer deadline is not evidence that Defendant was diligent.

> ii.    Public interest factors slightly weigh against granting transfer to the Central District of California.

**The administrative difficulties flowing from court congestion.**  Defendant, citing the Federal Circuit's *In re Google* case, argues that this factor is neutral.  (Dkt. No. 31 at 10 (citing *In re Google LLC*, 58 F.4th 1379 (Fed. Cir. 2023).)  Defendant admits that the Eastern District of Texas has tended to resolve patent cases more quickly than CDCA, but contends that this factor nonetheless is neutral because Plaintiff does not have a competing product in the marketplace.  (*Id.*)  Plaintiff responds that Defendant overreads *In re Google*.  (Dkt. No. 45 at 15.)  Under Plaintiff's reading, a district court errs if it gives any weight to a time-to-trial difference based *solely* on docket speed when the plaintiff lacks market-based urgency.  (*Id.*)

The Court disagrees with Defendant's reading of *In re Google* and finds that this factor slightly weighs against transfer.  Although this factor has been called the "most speculative," "the district court is in a better position to estimate the efficiency of its own docket."  *In re Clarke*, 94 F.4th 502, 515 (5th Cir. 2024).  Accordingly, the differences in time to trial between this District and CDCA should not be unduly discounted or dispositive when following transfer precedent.  *Id.*  Far from being dispositive, the Court finds that this factor slightly weighs against transfer.

**The local interest in having localized interests decided at home.**  Defendant again notes that the Plaintiff itself, as well as the inventor of the asserted patent, is located in CDCA.  (Dkt. No. 31 at 9.)  Plaintiff certainly resides in CDCA, but Defendant is not at home there as an Israeli corporation.  The Court again rejects Defendant's attempts to use Plaintiff's circumstances (and not Defendant's) to obtain transfer of this case.

**Familiarity with law and conflicts of law.**  Both parties appear to agree that these factors are inapplicable or neutral.  The Court agrees.

## IV.    CONCLUSION

As an initial threshold matter, Defendant has not made the requisite showing that Plaintiff could have filed suit in the Central District of California.  This should end the inquiry.  Even ignoring this fatal flaw, the convenience factors do not show that CDCA is clearly more convenient.

It bears restating that Defendant cannot use facts showing that Plaintiff's convenience might be increased as a means to obtain transfer.  The Plaintiff's choice of where to file suit cannot be thus overcome.  Accordingly, Defendant's transfer Motion (Dkt. No. 31) is **DENIED**.

**So ORDERED and SIGNED this 13th day of July, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

9